895 F.2d 1413
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Morris MARTIN, Plaintiff-Appellant,
v.
Donald MASON; Robert Brown, Jr., Director; Raymond G.
Toombs, Warden; Mycheal Evans, Defendants-Appellees.
 No. 89-1742.
 United States Court of Appeals, Sixth Circuit.
 Feb. 13, 1990.
 
 Before MERRITT, Chief Judge, and KEITH and ALAN E. NORRIS, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the brief, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Morris Martin, a pro se Michigan inmate, appeals the judgment of the district court dismissing his 42 U.S.C. Sec. 1983 civil rights complaint as frivolous pursuant to 28 U.S.C. Sec. 1915(d).
 
 
 3
 Martin alleged that he is being subjected to cruel and unusual punishment by passive exposure to tobacco smoke in the prison. He also alleged that his passive exposure to tobacco smoke in the prison setting deprives him of his liberty without due process. He sought monetary, declaratory and injunctive relief. The district court determined that Martin's claims were baseless and dismissed the complaint as frivolous. Martin then filed this appeal.
 
 
 4
 Upon review, we conclude that the complaint was properly dismissed as frivolous within the meaning of 28 U.S.C. Sec. 1915(d) because it lacks an arguable basis in law. See Neitzke v. Williams, 109 S.Ct. 1827, 1831 (1989).
 
 
 5
 Martin's claim of an eighth amendment violation lacks an arguable basis in law because society's evolving standards of decency regarding the propriety of nonsmoking area and a smoke-free environment have not progressed to the point at which Martin may be permitted to maintain a Sec. 1983 civil rights action. See Gorman v. Moody, 710 F.Supp. 1256, 1262 (N.D.Ind.1989) ("As our society moves toward a so-called smoke-free environment and new laws are enacted, there may come a time when the 'evolving standards of decency that mark the progress of society' demand a smoke-free environment in a prison setting. However, this is not the case now....").
 
 
 6
 Martin's claim of a due process violation also lacks an arguable basis in law as he has no liberty interest in having a smoke-free environment.
 
 
 7
 Accordingly, the request for appointed counsel is denied and the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.